IN THE UNITED STATES DISTRICT COURT
NORTHERN DIVISION OF ILLINOIS
EASTERN DIVISION

BOBBY SCOTT
   Plaintiff

JUDGE NORDBERG

MAGISTRATE SIDNEY I. SCHENKIER

V

Case No:

B. MAJOR, C. COX, TERRY HILLARD
UNKNOWN POLICE OFFICERS AND
THE CITY OF CHICAGO (A Municipal
Corporation)

03C 7541

FILED-ED4
03 OCT 24 PM 1:58
CLERK
U.S. DISTRICT COURT

OCT 27 2003

COMPLAINT FOR DAMAGES AGAINST CITY,
SUPERVISORY PERSONNEL AND POLICE OFFICERS FOR
POLICE BRUTALITY AND UNLAWFUL ARREST

1. This is a civil action seeking damages against Defendants for committing acts, under the color of law, which deprived the Plaintiff of rights secured under the Constitution and laws of the United States of America: for conspiring for the purpose of impeding and hindering the due course of justice, with the intent to deny the Plaintiff equal protection of laws; and for refusing or neglecting to prevent such deprivations and denials to the Plaintiff. The Court has Jurisdiction of this action under 42 U.S.C. § 1343.

2. The Court also has jurisdiction under 28 U.S.C. § 1331.

3. All of the acts complained of below took place in the Northern District of Illinois, Eastern Division.

4. Plaintiff, BOBBY SCOTT, is a citizen and resident of the City of Chicago, State of Illinois and United States of America.

5. Defendant, City of Chicago, is a Municipal Corporation, organized under the laws and the State of Illinois.

6. Defendant, Terry Hillard, was Superintendent of Police for the City of Chicago at all times relevant to this complaint.

7.  At all times relevant hereto, the UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT (hereinafter referred to as "Unknown Defendants") were police officers employed by the City of Chicago.

8.  Unknown Defendant was the district commander of the 6th district of the Police Department of the City of Chicago at all times relevant to this complaint.

9.  Defendants, B. Major and C. Cox were police officers, employed by the Chicago Police Department, District Patrol Division, of the City of Chicago.

10. Plaintiff sues each and all Defendants (except the City), in both their individual and official capacities.

11. At all times, material to this complaint, defendants, acted under the color of the statutes, customs, ordinances, and usage of the State of Illinois, the City of Chicago and the Chicago Police Department.

## COUNT I

1.  On or about October 24th, 2001, at approximately 4:00 p.m., Plaintiff was attempting to pay for fare to ride the C.T.A. train located at 95th street and Dan Ryan Expressway, City of Chicago.

2.  Defendants, B. Major and C. Cox grabbed the plaintiff violently and threw the plaintiff head first into a set of steel bars, then the plaintiff was subsequently placed under arrest.

3.  At no time, either in said terminal or at any later time and place, did plaintiff attempt to resist arrest by or offer violence to them.

4.  Defendants B. Major and C. Cox, bodily removed Plaintiff from the terminal without provocation, need or explanation, dragged plaintiff from said train station, beat him about the body and transported him to Roseland hospital due to the severity of his injuries; Plaintiff was then subsequently taken to the 6th District Police Station, located at 7808 S. Halsted City of Chicago, arriving at approximately 02:30 a.m. October 25th, 2001..

5.  While at the District Police Station, Defendants verbally assaulted Plaintiff.

6.  As a RESULT OF THE BATTERY BY defendants, Plaintiffs suffered lacerations about his head which left permanent visible scars; abrasions and contusions. And plaintiff has also lost sight in right eye.

7.  The Plaintiff appeared in the State Court and was charged as set out below in paragraph 8;

8. Defendant B. Major and C. Cox swore out a complaint against Plaintiff, alleging criminal trespass.. Said charges were dismissed before the Circuit Court of Cook County, before the honorable Judge Presiding. The dismissal was the final determination of said charges.

9. As a result of their concerted unlawful and malicious physical abuse of plaintiff, Defendants B. Major and C. Cox intentional or with deliberate indifference and callous disregard of plaintiff's right, deprived plaintiff of his right to equal justice, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States of America and U.S.C. § 1983.

WHEREFORE, plaintiff, BOBBY SCOTT, demands judgment against Defendants B. Major and C. Cox, jointly and severally, for compensatory damages in the amount of $ 125,000.00 and further demands judgment against each said defendant (except the city), jointly and severally for punitive damages in the amount of $125,000.00 plus the costs of this action and such other relief as the Court deems just and equitable.

## COUNT II

1-6. Plaintiff re-alleges paragraphs 1-4, and 7-8 of Count I as paragraphs 1-6 of Count II and hereby incorporates them as though fully ser forth herein.

7. Therefore was no warrant for the arrest of Plaintiff on October 25th, 2001. The arrest of the Plaintiff by Defendants as stated in paragraph 2 above was without reasonable grounds for said Defendants to believe Plaintiff had committed an offence and Defendants knew they were without probable cause to arrest Plaintiff.

8. Neither at the time of the arrest, as stated in paragraph 2 above, nor at anytime was Plaintiff informed of the grounds for said arrest. No complaint, information, or incident was ever sworn against plaintiff alleging offence occurring prior to the moment Defendants announced to Plaintiff that he was under arrest.

9. Plaintiff was transported to the 6th district Police Station, as stated in Paragraph 4, where he was incarcerated for approximately 3 hours and was not allowed to post bond until approximately 05:10 a.m. October 25th, 2001.

10. As a result of their concerted unlawful and malicious arrest of Plaintiff B. Major and C. Cox deprived Plaintiff of his liberty without due process of law and deprived him of equal protection of the laws in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States of America and 42 U.S.C. § 1983.

11. As a result of their concerted and unlawful and malicious detention and confinement of Plaintiff, Defendants B. Major and C. Cox intentionally, or with

deliberate indifference and callous disregard of Plaintiff's rights, deprived Plaintiff of his liberty without due process of law and deprived him of equal protection of the laws in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States of America and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff BOBBY SCOTT, demands judgment against Defendants B. Major and C. Cox jointly and severally, for compensatory damages in the amount of $125,000.00, and further demands Judgment against each of said defendants (except the City), jointly and severally, for punitive damages in the amount of $125,000.00, plus court costs of this action and such other relief as this Court may deem just and equitable.

## COUNT III

1-14. Plaintiff re-alleges paragraphs 1-9 of Count I and paragraphs 7-11 of Count II as paragraphs 1-14 of Count III and hereby incorporates them in this Count as though fully set forth herein.

15. At all times relevant to this Complaint Defendants B. Major and C. Cox as a police officer of the Chicago Police Department were acting under the direction and control of Defendants Terry Hillard, Unknown Defendants and Defendant City of Chicago.

16. Acting under the color of law and pursuant to official policy or custom, Defendant John Doe and City of Chicago knowingly, recklessly, or with deliberate indifference and callus disregard of Plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis Defendant police officers in their duties to refrain from:

    1. Unlawfully and maliciously harassing a citizen who was acting in accordance with her constitutional and statutory rights, privileges, and immunities.
    2. Unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with her constitutional and statutory rights, privileges, and immunities.
    3. Unlawfully and maliciously assaulting, and beating a citizen or otherwise using unreasonable and excessive force before, during and after the making of an arrest, whether the arrest was lawful or unlawful.
    4. Conspiring to violate the laws of the privileges and immunities guaranteed to plaintiff by the Constitution and laws of the United States of America and the laws of the State of Illinois; and
    5. Otherwise depriving plaintiff of her Constitutional and statutory rights, privileges and immunities.

17. Terry Hillard, Unknown Defendants and City of Chicago had knowledge or had they diligently exercised their duties to instruct, supervise, control, and discipline

on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendant Jo Doe and the City of Chicago had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly or with deliberate indifference and callus disregard of plaintiff's rights failed or refused to do so.

18. Terry Hillard, Unknown Defendants and City of Chicago, directly or indirectly, under the color of law, approved or rectified the unlawful, deliberate malicious, reckless and wanton conduct of defendant police officers heretofore described.

19. As a direct and proximate cause of the acts of Terry Hillard, Unknown Defendants and City of Chicago as set forth in paragraphs 16-18 above, plaintiff suffered physical injury, medical expenses and severe mental anguish in connection with the deprivation of his Constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States of America and protected by 42 U.S.C. § 1983.

WHEREFORE, Plaintiff BOBBY SCOTT demands judgment against Terry Hillard, Unknown Defendants and City of Chicago, jointly and severally for compensatory damages in the amount of $125,000.00, and further demands judgment against each of the said defendants (except the City), jointly and severally, for the punitive damages in the amount of $125,000.00 plus the cost of this action and such other relief as this Court deems just and equitable.

_____
(Attorney for the Plaintiff)

Marc D. Berlin
53 W. Jackson Blvd. Suite 1442
Chicago, Illinois 60604
(312) 987-1130

| JS 44 (Rev. 3/99) | CIVIL COVER SHEET |

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS** — BOBBY SCOTT

JUDGE NORDBERG
MAGISTRATE SIDNEY I. SCHENKIER

**DEFENDANTS** — B. Major, C. Cox, Terry Hillard Unknown Police Officers, The City of Chicago (A Municipal Corporation)

**(b)** County of Residence of First Listed Plaintiff: COOK
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: COOK
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Office of Marc D. Berlin
53 W. Jackson Blvd. #1442
Chicago, IL. 60604  (312) 987-1130

Attorneys (If Known)

**03C 7541**

FILED

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Inj. / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights / ☐ 555 Prison Condition |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. This case
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case _____, previously dismissed by Judge _____

DATE: 10/24/03

SIGNATURE OF ATTORNEY OF RECORD: Marc D Berlin

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of Bobby Scott
vs.
B. Major, L. Cox et al.

JUDGE NORDBERG
MAGISTRATE SIDNEY I. SCHENKIER

Case Number: **03C 7541**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Bobby Scott

DOCKETED OCT 27 2003
FILED 03 OCT 24 PM 5:
U.S. DISTRICT COURT

| (A) | (B) |
|---|---|
| SIGNATURE: [signed] | SIGNATURE: |
| NAME: Mark D. Berton | NAME: |
| FIRM: Law Office | FIRM: |
| STREET ADDRESS: 53 W. Jackson #1442 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chgo, IL 60604 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: 312 987-1130 | FAX NUMBER: 312 427-1624 | TELEPHONE NUMBER: | FAX NUMBER: |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: 6202587 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☒ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | FAX NUMBER: | TELEPHONE NUMBER: | FAX NUMBER: |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |